FRANCISCO MIRANDA, demandante y apelante, *v.* RICARDO AGRAIT ALDEA, ALCALDE DEL MUNICIPIO DE ARECIBO, demandado y apelado.

No. 3714.—*Visto:* Noviembre 17, 1925. *Resuelto:* Diciembre 22, 1925.

CORPORACIONES MUNICIPALES—FUNCIONARIOS, AGENTES Y EMPLEADOS—TÉRMINO DEL CARGO—FUNCIONARIOS EJECUTIVOS.—El término de cuatro años a que se refiere el artículo 28 de la Ley Municipal según quedó enmendado por Ley No. 11 de 1924 (p. 77) se refiere a los alcaldes electos el 4 de noviembre de 1924 y los que en lo sucesivo se elijan y a los demás funcionarios ejecutivos que se especifican en dicho artículo y son nombrados de acuerdo con el artículo 29 de dicha Ley Municipal y no a los funcionarios ejecutivos que, elegidos por la asamblea municipal, constituían el antiguo concejo de administración.

SENTENCIA de *E. Lloreda,* J. (Arecibo), declarando sin lugar la solicitud de *mandamus,* sin costas. *Confirmada.*

*R. Rivera Zayas,* abogado del apelante; *R. Agrait Aldea* y *F. Cadilla,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Francisco Miranda fué nombrado Tesorero Municipal del Municipio de Arecibo en julio 1, 1924. En 4 de noviembre del mismo año se celebraron elecciones generales en Puerto

Rico y el demandado Ricardo Agrait Aldea fué electo, en la candidatura local, Alcalde de Arecibo. El demandado luego de tomar posesión de su oficio designó los demás funcionarios ejecutivos que enumera el artículo 28 de la Ley No. 11, aprobada en junio 25, 1924 (p. 84), nombrando entre ellos a José R. Castillo para desempeñar el cargo de tesorero municipal, del cual tomó posesión el 19 de enero de 1925.

El peticionario protestó de la designación de José R. Castillo y ha interpuesto el presente recurso de *mandamus* solicitando se le reponga en su cargo, alegando en resumen que él había sido nombrado por cuatro años y que el demandado "le destituyó y separó de su cargo sin justa causa ni previa audiencia y formulación de cargos por escrito, si los hubiere, y presentar el peticionario la prueba que tuviere en su favor, con infracción del artículo 28 de la vigente Ley Municipal y de la Constitución de los Estados Unidos, privándole de su cargo y de sus emolumentos sin el debido proceso de ley."

Bajo la ley original No. 85, estableciendo un gobierno local y reorganizando los servicios municipales, aprobada en julio 31, 1919 (p. 685), la administración de los municipios estaba regida por un gobierno cuasi por comisión, pues según reza el artículo 15 de aquella ley, el gobierno de cada municipio quedaba investido en una asamblea municipal y un concejo de administración. El concejo de administración se componía de varios jefes ejecutivos, elegidos por la asamblea municipal y no se expresaba el término de duración. Artículos 28 y 29 (p. 701). Sin embargo, como las asambleas municipales eran elegidas por el voto popular y el artículo 16 prescribe que en todas las elecciones generales los electores de cada municipio elegirán una asamblea municipal, había que suponer lógicamente que el concejo de administración no podía tener más duración que la que tuviera aquel organismo.

En junio 25, 1924 (Leyes de 1924 p. 77), se decretó la Ley No. 11 que enmienda, entre otras disposiciones de la

Ley No. 85, los artículos que han sido mencionados, quedando enmendados como sigue:

"Art. 15.—El gobierno dé cada municipio queda por la presente constituído por una asamblea municipal y por los funcionarios ejecutivos que. se expresan más adelante.

"Art. 28.—Los funcionarios ejecutivos serán los que se expresan a continuación, cuyos cargos serán incompatibles con los de miembro de la asamblea municipal y con cualquier otro cargo insular o municipal retribuído. Estos -funcionarios serán nombrados por cuatro años y desempeñarán sus cargos hasta que sus sucesores sean nombrados y debidamente instalados, a menos que antes fuesen destituídos por justa causa:

    "1. Alcalde,
    "2. Director de beneficencia municipal,
    "3. Tesorero municipal,
    "4. Director escolar,
    "5. Director municipal de obras públicas, ·
    "6. Auditor municipal,
    "7. Secretario municipal."

· "Art. 29.—El alcalde será elegido por el voto popular en la misma forma requerida por esta Ley para los miembros de la asamblea municipal y deberá reunir las mismas condiciones de elegibilidad que éstos.

   ※      ※      ※      ※      ※      ※      ※

La Ley No. 11 empezó a regir el primero de julio de 1924. De modo que se dió a sus disposiciones un efecto casi inmediato. Del estudio de la nueva ley se puede notar, sin embargo, que en la mayor parte de sus prescripciones se legisla para un futuro algo más remoto, pues aquellos preceptos que en seguida entraban en vigor eran como medidas transitorias para preparar la maquinaria municipal que con ciertas innovaciones empezaba a funcionar luego de constituída en virtud de las próximas elecciones. Así por lo menos lo indica el artículo 72 que fué enmendado, diciendo:

"Art. 72.—El actual comisionado de servicio público, policía y prisiones asumirá los deberes del alcalde y tendrá las atribuciones que a éste se confieren desde el día en que empiece a regir esta Ley

hasta que tome posesión el alcalde que fuere elegido en las próximas elecciones generales.

"La disposición contenida en el Artículo 51 de esta Ley, fijando un límite en los presupuestos municipales a las asignaciones para sueldos personales, empezará a tener efecto en el año económico 1925–26. Los presupuestos municipales para 1924–25 se regirán por las disposiciones de la ley municipal tal como existen en la actualidad.

"En todos los casos en que en esta Ley se mencione al 'comisionado municipal de beneficencia'; al 'comisionado municipal de hacienda'; al 'comisionado municipal de instrucción pública', y al 'comisionado municipal de obras públicas', se entenderá que se refiere al 'director de beneficencia municipal', 'tesorero municipal,' 'director escolar', e 'inspector municipal de obras públicas' respectivamente."

En armonía con este precepto está el artículo 29 de la ley enmendada que dispone que el alcalde será elegido por el voto popular. Y las próximas elecciones a que se refiere el artículo 72 fueron las que tuvieron lugar el 4 de noviembre de 1924. El mismo apelante admite que el término del antecesor del actual alcalde expiró con las últimas elecciones, y así tenía que ser para los demás funcionarios ejecutivos cuyos nombramientos dependieran del antecesor o que hubieran sido nombrados durante su término. No parecería conforme a los naturales principios de un gobierno representativo, que es el espíritu que prevalece en la ley, tendentes a establecer la uniformidad y armonía en una administración, que se extendiera el término de funcionarios de confianza más allá que el señalado para el jefe ejecutivo. No tenemos dudas, por tanto, que el término de duración de cuatro años para desempeñar dichos cargos, se refiere a los alcaldes que fueron electos por el voto popular el 4 de noviembre de 1924 y a los demás funcionarios ejecutivos que especifica el artículo 28, y que son nombrados de acuerdo con lo que determina el subsiguiente artículo 29.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.